673 So.2d 1053 (1996)
Francis T. PLAUCHE
v.
Jane Mullinax PLAUCHE.
No. 95-CA-979.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 1996.
Margaret "Peggy" LeBlanc, New Orleans, for Plaintiff/Appellant.
Thomas A. Kehoe, Sr., Harahan, for Defendant/Appellee.
Before DUFRESNE, GOTHARD and CANNELLA, JJ.
GOTHARD, Judge.
In this divorce action, the plaintiff husband appeals a judgment which held that the defendant wife was free from fault in the breakup of the marriage. For the following reasons, we dismiss the appeal as premature.

FACTS/PROCEDURAL HISTORY
Francis T. Plauche and Jane Mullinax Plauche were married for approximately thirty-six years. In early June of 1994, Mr. Plauche left the matrimonial domicile. Shortly thereafter, on June 10, 1994, Mr. Plauche filed for divorce pursuant to La.C.C. art. 102. On July 27, 1994, Mrs. Plauche filed an answer and reconventional demand in which she alleged she was free from fault in the dissolution of the marriage. On October 3, 1994, the parties entered into a consent judgment which provided that Mrs. Plauche would receive alimony pendente lite in the amount of $165 per week.
A judgment decreeing that the parties were divorced was rendered on January 17, 1995. Subsequently, on April 6, 1995, the trial court ruled that Mrs. Plauche was free from fault in the breakup of the marriage. The court then set May 1, 1995, as the date for a hearing to determine whether Mrs. Plauche was entitled to alimony. However, Mrs. Plauche's attorney suffered a heart attack, causing the hearing on alimony to be continued. Mr. Plauche has appealed from the judgment ruling that Mrs. Plauche was free from fault in the breakup of the marriage.

ANALYSIS
Pursuant to La.C.C. art. 112, a spouse who is without fault in the dissolution of the marriage and who has insufficient means for support is entitled to alimony. In the instant case, the trial court ruled on the issue of fault but did not decide whether Mrs. Plauche has insufficient means for her support. Consequently, a question remains as to whether *1054 Mrs. Plauche is entitled to alimony. Thus, the judgment rendered by the trial court is a mere partial one. Because a partial judgment has been appealed, we will sua sponte inquire into our jurisdiction to hear this matter. See La.C.C.P. art. 2162.
La.C.C.P. art. 2083 provides that appeals may be taken from final judgments and from interlocutory judgments that cause irreparable injury. A final judgment is one that determines the merits in whole or in part. La.C.C.P. art. 1841. La.C.C.P. art. 1915 provides for partial final judgments in certain situations, namely when the trial court:
(1) dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or intervenors;
(2) grants a motion for judgment on the pleadings ...;
(3) grants a motion for summary judgment..., except a summary judgment rendered pursuant to Article 966(D);
(4) signs a judgment on either the principal or incidental demand, when the two have been tried separately ...;
(5) signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
In contrast to a final judgment, an interlocutory judgment is one that determines preliminary matters rather than the merits. La.C.C.P. art. 1841. An interlocutory judgment causes "irreparable injury" and is therefore appealable when the ruling cannot, as a practical matter, be corrected on appeal. Herlitz Constr. Co. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981).
The leading case on the appealability of partial judgments is Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993). In Everything on Wheels, the Louisiana Supreme Court addressed the issue of whether an appeal could be taken from a judgment which partially granted an exception of no cause of action. In discussing the confusion regarding partial judgments, the Court stated:
Article 1915 was designed to limit to the enumerated situations a court's authority to render a partial final judgment which is appealable. When a judgment adjudicates all of the claims and defenses asserted by all of the parties, such a judgment is universally recognized as appealable (subject to statutory limitations in courts of limited jurisdiction). But when a judgment adjudicates fewer than all of the claims or defenses, or adjudicates the claims or defenses of one or more but less than all of the parties, there are significant problems in designating such a judgment as appealable. If all such judgments were appealable, there would be intolerable problems of multiple appeals and piecemeal litigation. On the other hand, a party who is completely exonerated in pretrial proceedings should be entitled to be spared of further trial litigation. Another major problem is that the loser in a partial judgment faces the dilemma of deciding whether (1) to appeal immediately (despite the probable delay to the remainder of the case) and possibly have the appeal dismissed as premature, or (2) to wait until the entire case is decided and risk being told then that he should have appealed earlier and that the judgment has become res judicata.
Id. at 1240-41.
The Court went on to hold that Article 1915 lists the "exclusive instances in which partial final judgments are permitted." Id. at 1241. Accordingly, the Court concluded that any partial judgment that is not expressly authorized by Article 1915 is interlocutory, rather than final, and, as such, is not appealable in the absence of irreparable injury. Id.
Applying the reasoning of Everything on Wheels to this case, we conclude that the instant appeal is premature. While the trial court's judgment on fault touches on the merits of the alimony dispute, it is not of the type listed in Article 1915. Again, as stated by the Supreme Court in Everything on Wheels, supra, Article 1915 sets out the exclusive instances of partial final judgments. *1055 Thus, rather than a partial final judgment, the judgment appealed herein is an interlocutory judgment. In the absence of irreparable injury, such a judgment is not appealable. No showing of irreparable injury has been made in this case. Accordingly, we will dismiss the appeal.
We further note that dismissing the instant appeal is supported by the rationale underlying the Everything on Wheels decision, namely the promotion of judicial economy and an avoidance of piecemeal litigation. For example, if we were to decide this appeal, then we could presumably look forward to a second appeal on the question of whether Mrs. Plauche has insufficient means for her support. Later, assuming Mrs. Plauche is entitled to alimony, a third appeal could be heard on the amount awarded. Clearly, such a multiplicity of appeals would harm, rather than strengthen, the notion of judicial economy espoused in Everything on Wheels.
However, this is not to say that the plaintiff will be precluded from having appellate review of the fault determination. When a final judgment deciding whether or not Mrs. Plauche is entitled to alimony is rendered, either party may appeal. At that time, we will review all elements of the alimony ruling, including the fault determination.
Based on the foregoing, the appeal is dismissed as premature.
DISMISSED.