686 So.2d 881 (1996)
Carmela C. BREHM
v.
Milton L. BREHM, Jr.
No. 96-CA-159.
Court of Appeal of Louisiana, Fifth Circuit.
September 18, 1996.
Rehearing Denied October 7, 1996.
*882 Jana E. Smith, New Orleans, for Plaintiff/Appellee.
Pat M. Franz, Metairie, for Defendant/Appellant.
Before CANNELLA, DALEY, JJ., and GARVEY, J. Pro Tem.
DALEY, Judge.
In this proceeding for permanent alimony, appellant Milton Brehm appeals the trial court's finding that his wife, Carmela Brehm, was free of fault in the breakup of their marriage. We find that the trial court's judgment is a partial final judgment not subject to appeal within the authority of LSA-C.C.P. art. 1915. We therefore dismiss this appeal as premature and remand.
The parties were married for approximately 30 years. The record shows that Mrs. Brehm left the matrimonial domicile in August of 1993. Mrs. Brehm filed a Rule to Show Cause Why Divorce Should not be Granted and Motion for Permanent Alimony on January 13, 1994. A judgment of divorce was granted on October 24, 1994 pursuant to LSA-C.C. art. 102, reserving the issue of alimony. Trial on the issue of alimony took place on August 28-31, 1995. The parties agreed to limit testimony at trial to the issue of fault bifurcating the issues of fault and necessity. The court found that both parties were free from fault in the breakup of the marriage. The trial court made no finding as to the financial condition of Mrs. Brehm and made no award of alimony.
To receive alimony, the claimant spouse must prove two things: freedom from fault in the breakup of the marriage, and necessitous circumstances. LSA-C.C. art. 112. The instant judgment determines fault; however, it does not grant Mrs. Brehm the relief for which she prays, entitlement to alimony.
Plauche v. Plauche, 95-979 (La.App. 5 Cir. 3/13/96), 673 So.2d 1053, involved almost identical circumstances. In that case, this Court, relying on the reasoning in Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993) and LSA-C.C.P. art. 1915, concluded that an appeal of a judgment which determined fault but not an award of alimony or failure to award alimony was premature. This Court in Plauche held that a judgment determining fault could not be appealed until a final judgment was rendered determining entitlement to alimony.
Partial final judgments that do not grant all or part of the relief prayed for are prohibited unless specifically allowed by LSA-C.C.P. art. 1915; Everything on Wheels Subaru, supra; Strauss v. Rivers, 501 So.2d 876 (La.App. 5 Cir.1987). Article 1915 lists the exclusive instances in which partial final judgments are permitted. Lee v. Lee, 375 So.2d 769 (La.App. 4th Cir.1979).
This Court has previously narrowly restricted the application of Article 1915. Plauche found that,
"While the trial court's judgment on fault touches on the merits of the alimony dispute, it is not of the type listed in Article 1915.... Thus, rather than a partial final judgment, the judgment appealed herein (fault determination only) is an interlocutory judgment. In the absence of irreparable injury, such a judgment is not appealable."
Plauche, supra at 1055.
Code of Civil Procedure, Article 1915A(5) allows for an appeal of a partial judgment on the issue of liability when liability and quantum have been tried separately. Subsection A(5) of Article 1915 could arguably be used as authority for deciding the appeal in this case. The determination on fault or nonfault is equivalent to a determination on liability. However, this court's previous interpretation of Article 1915 and the public policy against multiplicity of appeals dictates remand. The parties are entitled to an appellate review of the fault determination after a final judgment on the alimony issue is rendered.
This appeal is dismissed as premature and the matter is remanded to the district court. Each party to bear their own costs.
DISMISSED; CASE REMANDED.