833 So.2d 427 (2002)
Robert J. EVANS, Sr.
v.
Christine S. EVANS.
No. 02-CA-691.
Court of Appeal of Louisiana, Fifth Circuit.
November 19, 2002.
D. Douglas Howard, Jr., Danyelle M. Taylor, New Orleans, LA, for Appellant Robert J. Evans, Sr.
Pat M. Franz, Metairie, LA, for Appellee Christine S. Evans.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and CLARENCE E. McMANUS.
JAMES L. CANNELLA, Judge.
Plaintiff, Robert J. Evans, appeals from the trial court ruling finding Defendant, Christine S. Evans, Plaintiff's former wife, to be free from fault in a hearing on Defendant's request for final spousal support. For the reasons which follow, we find that the trial court's judgment is a partial final judgment and not subject to appeal. We dismiss the appeal as premature and remand.
The parties were married on July 26, 1992. They physically separated on July 26, 2000. Plaintiff filed a petition for divorce on August 9, 2000. Pursuant to orders of the trial court, Plaintiff paid interim spousal support to Defendant in the amount of $1,500 per month. After the judgment of divorce, Plaintiff was ordered to continue paying the same amount pending a determination of Defendant's entitlement to final periodic support. A hearing was held on the issue of fault and the trial court found that Defendant was free from fault. The trial court has not yet made any findings on need, ability to pay or quantum. It is from this fault ruling that Plaintiff appeals.
On appeal the Plaintiff argues that the trial court erred in it's ruling, finding that the Defendant was free from fault.
Before considering the merits of Plaintiff's arguments on appeal, Defendant *428 points out that the matter is an interlocutory ruling and not appealable. We agree.
This Court has been presented with the same procedural problem in two prior cases, Brehm v. Brehm, 96-159 (La.App. 5th Cir.9/18/96), 686 So.2d 881 and Plauche v. Plauche, 95-979 (La.App. 5th Cir.3/13/96), 673 So.2d 1053. In both cases this Court held that an appeal of a ruling which determined fault but not an award of support or a final determination that support was not due was improper because such a ruling was a partial final judgment that was not appealable. La. C.C.P. art. 1915. We find those cases on point and dispositive of the instant case.
Plaintiff argues that this case is distinguishable because La. C.C. arts. 111 and 112 on periodic support have been amended subsequent to the rendition of the Brehm and Plauche cases. While we recognize that the articles have been amended, we do not find that the amendment changes the legal principles applicable to the issue herein.
The relief sought by the Defendant is a monetary award of periodic support. While the ruling on fault touches on one issue in the support dispute, it is not a final appealable judgment because it does not grant a party all or part of the relief for which it prayed. The trial court must still make determinations regarding Defendant's need and Plaintiff's ability to pay, as well as several other factors, including the ultimate monetary award. As pointed out in Plauche, to hold otherwise would mean we could look forward to a second appeal on need, and third appeal on ability to pay and then a forth appeal on quantum. Judicial economy and the avoidance of piecemeal appeals remain guiding appellate principles. Plaintiff or Defendant will, of course, be entitled to full consideration of all issues involved in their litigation in an appeal of a final judgment on periodic support. Accordingly, this appeal is dismissed as premature and the case is remanded to the trial court for further proceedings.
APPEAL DISMISSED. CASE REMANDED.