STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1142


GENEVIEVE DUHON CHARLES
VERSUS
ROLAND JUDE CHARLES



**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2002-3327
HONORABLE PHYLLIS M. KEATY, DISTRICT JUDGE



**********
MICHAEL G. SULLIVAN
JUDGE

**********


Court composed of Michael G. Sullivan, Glenn B. Gremillion, and James T. Genovese,  Judges.


APPEAL DISMISSED.
CASE REMANDED.


Charles K. Hutchens
Attorney at Law
1704 W. University Avenue
Lafayette, LA 70506
(337) 237-4102
Counsel for Defendant/Appellant:
    Roland Jude Charles

Joseph Michael Placer
Attorney at Law
Post Office Box 3908
Lafayette, LA 70502
(337) 237-2530
Counsel for Plaintiff/Appellee:
    Genevieve Duhon Charles

**W. Glenn Soileau**
**Attorney at Law**
**Post Office Box 344**
**Breaux Bridge, LA 70517**
**(337) 332-4561**
**Counsel for Defendant/Appellant:**
  **Roland Jude Charles**

SULLIVAN, Judge.

The plaintiff-appellee, Genevieve Duhon Charles, moves to dismiss the appeal by the defendant-appellant, Roland Jude Charles, on the ground that the appellant has sought an appeal from an interlocutory judgment. For the reasons given below, we dismiss the appeal and remand this case.

The plaintiff filed the instant suit against the defendant seeking a divorce and ancillary relief, including a judgment for final periodic support. The plaintiff averred in her petition that she was free from fault in the parties' separation.

On a rule to show cause, the trial court entered judgment finding that the plaintiff was free from fault in the dissolution of her marriage. However, the judgment remanded that matter to a hearing officer for a conference on the amount of the final periodic support to be paid by the defendant to the plaintiff. The judgment also declared that the facts set forth in a request for admissions of facts were admitted, ordered the defendant to pay the court costs associated with this latter rule in a specific dollar amount, and ordered him to pay all costs associated with the costs of these proceedings.

The defendant filed an appeal from this judgment. The sole assignment of error set forth in the defendant's appellate brief is that the trial court erred in ruling that the plaintiff had met her burden of proving that she was free from fault in the dissolution of the marriage.

The plaintiff filed the instant motion to dismiss the appeal arguing that the judgment appealed is a non-appealable, interlocutory order. The defendant has not filed a brief in response to this motion.

The issue presented in the case *sub judice* was presented to the fifth circuit in *Evans v. Evans*, 02-691 (La.App. 5 Cir. 11/19/02), 833 So.2d 427. The court stated:

1

This Court has been presented with the same procedural problem in two prior cases, *Brehm v. Brehm*, 96-159 (La.App. 5th Cir.9/18/96), 686 So.2d 881 and *Plauche v. Plauche*, 95-979 (La.App. 5th Cir.3/13/96), 673 So.2d 1053. In both cases this Court held that an appeal of a ruling which determined fault but not an award of support or a final determination that support was not due was improper because such a ruling was a partial final judgment that was not appealable. La. C.C.P. art.1915. We find those cases on point and dispositive of the instant case.

Plaintiff argues that this case is distinguishable because La. C.C. arts. 111 and 112 on periodic support have been amended subsequent to the rendition of the *Brehm* and *Plauche* cases. While we recognize that the articles have been amended, we do not find that the amendment changes the legal principles applicable to the issue herein.

The relief sought by the Defendant is a monetary award of periodic support. While the ruling on fault touches on one issue in the support dispute, it is not a final appealable judgment because it does not grant a party all or part of the relief for which it prayed. The trial court must still make determinations regarding Defendant's need and Plaintiff's ability to pay, as well as several other factors, including the ultimate monetary award. As pointed out in *Plauche*, to hold otherwise would mean we could look forward to a second appeal on need, and third appeal on ability to pay and then a forth appeal on quantum. Judicial economy and the avoidance of piecemeal appeals remain guiding appellate principles. Plaintiff or Defendant will, of course, be entitled to full consideration of all issues involved in their litigation in an appeal of a final judgment on periodic support. Accordingly, this appeal is dismissed as premature and the case is remanded to the trial court for further proceedings.

*Id.* at 428.

We agree with the fifth circuit's reasoning in *Evans*. As in *Evans*, the plaintiff in the instant case prays for an award of final periodic support, not for a declaration that she is free from fault in the dissolution of the marriage. While this issue is a necessary premise on which to base an award of final support, the ruling does not grant the plaintiff any relief requested in the petition. Since the ruling does decide an issue in the litigation, the judgment falls within the purview of La.Code Civ.P. art. 1915(B), which statute requires a designation of appealability before an appeal can be taken from the ruling.

2

For the reasons given in *Evans*, we find that a designation of this judgment as immediately appealable would not be appropriate in this instance, as this result would not be in the interest of judicial economy and would result in piecemeal appeals. Therefore, we hereby dismiss this appeal at defendant's cost and remand this case to the trial court for further proceedings.

**APPEAL DISMISSED.  CASE REMANDED.**