979 So.2d 518 (2008)
RIVER PARISHES FINANCIAL SERVICES, L.L.C.
v.
Dianne GOINES.
No. 07-CA-641.
Court of Appeal of Louisiana, Fifth Circuit.
February 6, 2008.
*519 Benjamin L. Johnson, Attorney at Law, Donaldsonville, Louisiana, for Plaintiff/Appellant.
Avinell Joyce Marie Faucheux, Attorney at Law, Destrehan, Louisiana, for Defendant/Appellee.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and GREG G. GUIDRY.
MARION F. EDWARDS, Judge.
Plaintiff/appellant, River Parishes Financial Services, L.L.C. ("River Parishes"), appeals a ruling by the trial court that denied its motion to vacate and recall a preliminary injunction. For reasons that follow, we affirm the decision of the trial court, and remand the matter for further proceedings consistent with this opinion.
This matter began as a suit on an open account filed by River Parishes against defendant/appellee, Dianne Goines ("Ms. Goines"). Ms. Goines was divorced at the time she signed a promissory note to River Parishes to finance a furniture purchase and consolidate other debts in 2002. However, at that time the community that existed between the Goines had not been divided. As part of the transaction with River Parishes, Ms. Goines executed a collateral mortgage secured by her one-half interest in a home that was part of the community of acquets and gains of the former marriage between Ms. Goines and Nathanial Goines ("Mr. Goines"). Mr. Goines was not a party to either the mortgage or the promissory note.
The account went into arrears and, on August 5, 2004, River Parishes successfully obtained a judgment against Ms. Goines in the amount of $29,399.35. To enforce the judgment, River Parishes executed a writ of seizure and sale on the home.
Mr. Goines intervened in the suit seeking injunctive relief to stop the sale of the home which was part of a pending community property partition suit between the parties. In the petition for injunctive relief, Mr. Goines alleged that the property subject to seizure was his home and was at issue in the community property partition suit between the parties set for a hearing on February 18, 2005. The trial court granted a preliminary injunction on the seizure and sale of the home pending the community property settlement.[1]
On February 6, 2006, River Parishes filed a motion to vacate and recall the injunction. That motion was taken under advisement.
Mr. Goines filed a petition for nullity of the mortgage, asserting that the parties were divorced on July 26, 2001, and that subsequent placement of a security interest in the form of a collateral mortgage by Ms. Goines on immovable property belonging to the community was a violation of community property law.
On July 16, 2006, the parties entered into a consent judgment, in which they agreed that the mortgages and liens on the property "shall be declared null & void." It was also agreed that the judgment against Ms. Goines on the open account was "dismissed." The consent judgment further provides that Mr. Goines "shall make a good faith effort to obtain the loan *520 for $32,000.00" within a forty-five day time period. The judgment also acknowledged the debt as a separate debt owed by Ms. Goines and that there be a review of the matter on August 2, 2006.
On September 12, 2006, River Parishes filed a motion to vacate the consent judgment on the basis that the debt was not paid within the forty-five day period. The trial court granted that motion and, on October 9, 2006, the consent judgment was vacated.
The trial court then took up the motion to vacate the injunction filed on February 6, 2006 that had been taken under advisement and never ruled upon. After a hearing, the motion was denied on March 26, 2007 with written reasons by the trial court.[2] It is from that judgment that River Parishes appeals.
LAW AND ANALYSIS
LSA-C.C.P. art. 2752(A) provides that:
The petition for injunction shall be filed in the court where the executory proceeding is pending, either in the executory proceeding or in a separate suit. The injunction proceeding to arrest a seizure and sale shall be governed by the provisions of Articles 3601 through 3609 and 3612, except as provided in Article 2753. However, a temporary restraining order shall not issue to arrest the seizure and sale of immovable property, but the defendant may apply for a preliminary injunction in accordance with Article 3602. In the event the defendant does apply for a preliminary injunction the hearing for such shall be held before the sale of the property.
LSA-C.C.P. art. 3607 provides in pertinent part:
An interested person may move for the dissolution or modification of a temporary restraining order or preliminary injunction, upon two days' notice to the adverse party, or such shorter notice as the court may prescribe. The court shall proceed to hear and determine the motion as expeditiously as the ends of justice may require.
In brief to this Court, River Parishes presents three assignments of error for our review. The first one relates to the validity of the injunction. River Parishes argues that no bond was set as required by LSA-C.C.P. art. 3610. In the second assignment, River Parishes argues that Mr. Goines has no right of action to challenge the seizure and sale of the home. Finally, River Parishes argues that Mr. Goines has made no showing of irreparable harm.
In his Reasons for Judgment, the trial judge explained that he refused to dissolve or modify the injunction against the seizure and sale of the home because Mr. Goines has shown irreparable harm. If the injunction is dissolved the home that is still part of the community would be seized and sold prior to the partitioning of the community property, causing Mr. Goines to lose his one-half interest in the home.
We find this reasoning compelling. Mr. Goines was not a party to the promissory note or collateral mortgage that encumbered the community property after the divorce. Clearly, the seizure and sale of this home before the community property is divided would cause irreparable harm to Mr. Goines. Accordingly, we are not persuaded by River Parishes' arguments that Mr. Goines has no right of action to contest *521 the seizure and sale of the home or that he has not shown irreparable harm.
Mr. Goines argues that a subsequent judgment of the trial court, rendered on May 31, 2007 declaring the home in question to be his separate property, makes the issue of the necessity of an injunction and bond moot. We disagree. This Court cannot consider any actions of the trial court taken after the motion for appeal was granted. An appellate court must render its judgment upon the record on appeal.[3] A court of appeal is a court of record, which must limit its review to evidence in the record before it.[4] Thus, this Court is without jurisdiction to consider the May 31, 2007 judgment attached to Mr. Goines' brief, but not contained in the record.
Although we believe the injunction was properly granted and the trial court was justified in maintaining the injunction pending the division of the community property, we find it troublesome that there is no signed judgment enjoining the seizure and sale of the home in the record and that the record does not indicate that a bond has been set. However, the transcript contained in the record shows that the trial court found irreparable harm and granted the injunction to prevent the sale of the home until final disposition of the community property. That ruling was never reduced to a judgment and has not been appealed.
Therefore, we believe the intention of the trial court, as acknowledged by all parties, is to enjoin the seizure and sale of the home until the community property can be divided. It is further acknowledged by all parties that an injunction was granted and has not been appealed. Given the circumstances of this case, we find no abuse of discretion in the trial court's refusal to dissolve or modify the injunction.
AFFIRMED AND REMANDED.
NOTES
[1] Although all parties and the trial judge acknowledge the injunction was granted, there is no signed judgment in the record.
[2] The trial court signed a separate judgment on the same day in which the court declared various debts to be community and one to be a separate debt of Ms. Goines. No appeal was taken from that judgment.
[3] LSA-C.C.P. art. 2164.
[4] Black v. Anderson, 06-891 (La.App. 5 Cir. 3/13/07), 956 So.2d 20, 23, writ denied, XXXX-XXXX (La.6/1/07), 957 So.2d 180.