EDWARDS, J.,
concurs with reasons.
Li agree with the majority opinion that this designated record is insufficient to disturb the judgment of the trial court. As the majority opinion correctly holds, this Court cannot conduct the required de novo review of the facts presented to the trial court in order to make a determination on the merits of the summary judgment grant. Considering the record before us and the final decision of this Court, in my view, a discussion of disputed factual issues is unnecessary.

ON APPLICATION FOR REHEARING

liOn March 23, 2010, we affirmed the decision of the trial court on the basis that the designated record was insufficient to disturb the judgment of the trial court. We pointed out that the appellant had designated the record on appeal, but the record was missing crucial documents and exhibits that were required for us to analyze the merits of the appeal. Alexander v. Parish, of St. John the Baptist, 09-840, p. 9 (La.App. 5 Cir. 3/23/10), 33 So.3d 999, 1005. Accordingly, based on the record as lodged, we affirmed the judgment. Id.
The appellant has filed an application for rehearing, asking this Court to allow the filing of the materials referenced in this Court’s judgment. Attached to the rehearing application are copies of the exhibits that were missing from the record on appeal.
First, we note that an appellate court cannot review attachments that are not included in appellate record. Cutitto v. Boyes, 97-63, p. 7 (La.App. 5 Cir. 5/28/97), 695 So.2d 1080, 1084. La.C.C.P. art. 2164 states, “The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal.” (Emphasis added.) Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. Denoux v. Vessel Management Services, Inc., 2007-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88. Hence, we cannot consider documents that are attached to briefs, [2but that are not con *1006 tained in the appellate record. River Parishes Financial Services, L.L.C. v. Goines, 07-641, p. 6 (La.App. 5 Cir. 2/6/08), 979 So.2d 518, 521.
The appellant states that two of the documents specifically mentioned in the opinion as missing from the record were listed in her designation of the record, although they were not included in the documents in the record as lodged in this Court. The appellant asserts that the other materials the opinion stated are missing were part of a consolidated exhibit binder submitted by the appellant with her mem-oranda filed in opposition to both defendants’ motions for summary judgment. The appellant states the exhibit binder was filed as one exhibit to be referenced in both memoranda “to avoid unnecessary, voluminous documentation being submitted to the trial court in an attempt to facilitate efficiency.” The appellant states, “Counsel for plaintiff/appellant erroneously believed ... that designation of the Parish’s motion for summary judgment and memorandum, and plaintiff/appellant’s opposition memorandum, would include all attachments including the above referenced materials.”
The appellant cites La.C.C.P. art. 2161, which prohibits dismissal of an appeal because the trial record is missing, incomplete, or in error, no matter who is responsible, or because of any other irregularity, error or defect “unless it is imputable to the appellant.” The appellant also cites La. R.S. 13:4433, which directs that no appellate court shall grant a motion to dismiss an appeal for irregularities in the record without fist giving the appellant an opportunity to cure the deficiencies.
Here, however, Art. 2161 and R.S. 13:4433 do not apply. There was no motion to dismiss the appeal, and our opinion did not dismiss the appeal. Rather, we affirmed the decision of the trial court based on the record as lodged. Further, |sas far as documents that were specifically designated, yet not included in the record lodged, it is the responsibility of the appellant to check the appellate record to be sure it is complete.
Considering the above, we find no reason to grant rehearing. Rehearing is denied.