STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-215

KATHERINE TRAHAN ASHWORTH

VERSUS

LARRY LEROY ASHWORTH

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF ACADIA, NO. 2008-10999 "L"
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Sylvia R. Cooks, J. David Painter, and David E. Chatelain,[*] Judges.

**APPEAL DISMISSED. CASE REMANDED.**

Burleigh G. Doga, Attorney at Law
P.O. Drawer 265
Crowley, LA 70527-0265
Counsel for Plaintiff/Appellee:
    Katherine Trahan Ashworth

Larry T. Richard, Attorney at Law
601 Clegg Street
Rayne, LA 70578
Counsel for Defendant/Appellant:
    Larry Leroy Ashworth

---

[*]Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**PAINTER, Judge.**

Larry Leroy Ashworth appeals the trial court's finding that his ex-wife, Katherine Trahan Ashworth, was free from fault in the break up of their marriage. The trial court ruled that the remaining issue of whether Katherine was otherwise entitled to final spousal support was referred to an intake conference. We find that the judgment at issue is not a final appealable judgment and dismiss the appeal and remand the matter to the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

Katherine Trahan Ashworth and Larry Leroy Ashworth were married on August 29, 2000. No children were born of the marriage. The parties separated on or about October 31, 2007. Katherine filed a petition for divorce and partition of community property on September 30, 2008. On February 9, 2009, the parties entered into a joint stipulation whereby Larry agreed to pay Katherine $750.00 per month in interim spousal support and gave her exclusive use of the former matrimonial domicile until a partition of community property was made. The joint stipulation also found that Larry was in arrears in the total amount of $3,000.00, ordered Larry to continue paying the community expenses and liabilities that he had been paying prior to the intake conference, and gave Katherine the use of the 1986 Lincoln Town Car and Larry the use of the 2007 Ford Expedition. A judgment effecting the terms of the joint stipulation was signed on February 17, 2009.

Katherine filed a rule for divorce and to establish final spousal support on July 15, 2009. A judgment of divorce was signed August 19, 2009. Trial on the issue of final spousal support was held on September 14, 2009. The trial court found that Katherine was free from legal fault in the break up of the marriage, and the issue of entitlement to final spousal support was referred to an intake conference. A judgment to that effect was signed September 30, 2009. Larry now appeals that judgment, alleging two assignments of error: (1) the trial court erred in allowing Katherine to use hearsay testimony that her brother and her niece told her that Larry had been going to the house of someone named Erin and receiving sex for money; and (2) the

1

trial court erred in finding that Larry's failure to ask Katherine to return to the matrimonial domicile was a basis for concluding that Katherine was not guilty of abandonment.

For the following reasons, we find that this appeal is premature as the judgment appealed is not a final judgment. Accordingly, we dismiss this appeal and remand the matter to the trial court for further proceedings.

## DISCUSSION

In *Charles v. Charles*, 06-1142, pp. 1-3 (La.App. 3 Cir. 12/20/06), 945 So.2d 934, 935, this court stated:

> The issue presented in the case sub judice was presented to the fifth circuit in *Evans v. Evans*, 02-691 (La.App. 5 Cir. 11/19/02), 833 So.2d 427. The court stated:
>
>> This Court has been presented with the same procedural problem in two prior cases, *Brehm v. Brehm*, 96-159 (La.App. 5th Cir.9/18/96), 686 So.2d 881 and *Plauche v. Plauche*, 95-979 (La.App. 5th Cir.3/13/96), 673 So.2d 1053. In both cases this Court held that an appeal of a ruling which determined fault but not an award of support or a final determination that support was not due was improper because such a ruling was a partial final judgment that was not appealable. La. C.C.P. art.1915. We find those cases on point and dispositive of the instant case.
>>
>> Plaintiff argues that this case is distinguishable because La. C.C. arts. 111 and 112 on periodic support have been amended subsequent to the rendition of the *Brehm* and *Plauche* cases. While we recognize that the articles have been amended, we do not find that the amendment changes the legal principles applicable to the issue herein.
>>
>> The relief sought by the Defendant is a monetary award of periodic support. While the ruling on fault touches on one issue in the support dispute, it is not a final appealable judgment because it does not grant a party all or part of the relief for which it prayed. The trial court must still make determinations regarding Defendant's need and Plaintiff's ability to pay, as well as several other factors, including the ultimate monetary award. As pointed out in *Plauche*, to hold otherwise would mean we could look forward to a second appeal on need, and third appeal on ability to pay and then a forth appeal on quantum. Judicial economy and the avoidance of piecemeal appeals remain guiding appellate principles. Plaintiff or Defendant will, of course, be entitled to full consideration of all issues involved in their litigation in an appeal of a final judgment

2

on periodic support. Accordingly, this appeal is dismissed as premature and the case is remanded to the trial court for further proceedings.

*Id*. at 428.

We agree with the fifth circuit's reasoning in *Evans*. As in *Evans*, the plaintiff in the instant case prays for an award of final periodic support, not for a declaration that she is free from fault in the dissolution of the marriage. While this issue is a necessary premise on which to base an award of final support, the ruling does not grant the plaintiff any relief requested in the petition. Since the ruling does decide an issue in the litigation, the judgment falls within the purview of La.Code Civ.P. art. 1915(B), which statute requires a designation of appealability before an appeal can be taken from the ruling.

For the reasons given in *Evans*, we find that a designation of this judgment as immediately appealable would not be appropriate in this instance, as this result would not be in the interest of judicial economy and would result in piecemeal appeals. Therefore, we hereby dismiss this appeal at defendant's cost and remand this case to the trial court for further proceedings.

We find the reasoning in both *Evans* and *Charles* to be sound and applicable to this case. The trial court's ruling which only finds Katherine to be free from fault is not a final appealable ruling. To render an opinion as to that ruling would not be in the interest of judicial economy as another appeal is sure to follow. This appeal is hereby dismissed, and the matter is remanded to the trial court.

**DECREE**

For the reasons given in *Evans* and *Charles*, we dismiss this appeal, with costs to be shared equally by the parties, and remand this case to the trial court for further proceedings.

**APPEAL DISMISSED. CASE REMANDED.**