JUDE G. GRAVOIS, Judge.
|?In this community property partition suit, both spouses appeal judgments rendered by the trial court. Appellant, Dianne Goines, appeals the trial court’s ruling dated March 15, 2012, wherein the trial judge declined to disturb its previous ruling of December 6, 2011 that approved Mr. Goines’ Amended Qualified Domestic Relations Order (QDRO) relating to Mr. Goines’ Shell Provident Fund. Second appellant, Nathaniel Goines, appeals two rulings contained in the trial court’s judgment of October 9, 2012, wherein the trial court *316 denied Mr. Goines’ request for reimbursement for termite treatment of the community home and denied Mr. Goines’ request for damages from Mrs. Goines related to funds he paid to retire indebtedness allegedly owed by Mrs. Goines at the termination of the community. For the reasons that follow, we find that the judgments on appeal are interlocutory in nature, and that the parties have not demonstrated irreparable harm necessary to support an appeal at this time. We thus dismiss these appeals and remand the matter to the trial court for further proceedings consistent with this opinion.
| ¡¡FACTS AND PROCEDURAL HISTORY
This community property partition suit has a long, convoluted history. The parties were married in 1986, filed for divorce in 2000, and a judgment of divorce was rendered in 2001. Proceedings to partition the community property commenced shortly thereafter. Previously, the parties had a trial on the merits of the partition suit which resulted in appeals to this Court. Goines v. Goines, 08-42 (La.App. 5 Cir. 6/19/08), 989 So.2d 794, and Goines v. Goines, 09-994 (La.App. 5 Cir. 3/9/11), 62 So.3d 193, writ denied, 11-0721 (La.5/20/11), 63 So.3d 984.[1] In the parties’ 2011 appeal, this Court remanded the matter to the trial court “for disposition of the community house and completion of the partition proceeding” in accordance with La. R.S. 9:2801. Mr. Goines represents in his brief that the partition of the parties’ community property remains incomplete, but in an abundance of caution, he has appealed the rulings at issue, which stem from rules to show cause, rather than from a trial on the merits.
As noted above, in this Court’s previous opinion, the parties were instructed to reach a final judgment in the community property partition proceeding, including disposition of the community home, in accordance with La. R.S. 9:2801. The parties’ failure to accomplish the final partition of the community property has resulted in piecemeal rulings and appeals, including the ones at issue here, which have impeded final resolution of this case. Additionally, it appears that, contrary to this Court’s previous instructions, the community home has not yet been allocated to either of the parties or disposed of, as evidenced by Mr. Goines’ continued rules for reimbursement from Mrs. Goines of his expenses related to maintaining the community home, including the rulings he appeals here.
[4Upon review, we find that the rulings on appeal are interlocutory in nature and are thus not appealable absent a showing of irreparable harm. La. C.C.P. art. 2083; Plauche v. Plauche, 95-979 (La.App. 5 Cir. 3/13/96), 673 So.2d 1053. Regarding the QDRO, the designated record on appeal contains more than one QDRO signed by the trial judge pertaining to the Shell Provident Fund. Though appellant Mrs. Goines refers to one of them in her brief, it is difficult, if not impossible, to ascertain from this designated record which Shell Provident Fund order is actually the one at issue in this appeal. Further, it appears that the QDRO ruling(s) at issue are interlocutory because there is no evidence that any of the order(s) have been granted qualified status by the plan administrator, as required by La. R.S. 9:2801(B), which provides:
*317 Those provisions of a domestic relations order or other judgment which partitions retirement or other deferred work benefits between former spouses shall be considered interlocutory until the domestic relations order has been granted “qualified” status from the plan administrator and/or until the judgment has been approved by the appropriate federal or state authority as being in compliance with applicable laws. Amendments to this interlocutory judgment to conform to the provisions of the plan shall be made with the consent of the parties or following a contradictory hearing by the court which granted the interlocutory judgment. The court issuing the domestic relations order or judgment shall maintain continuing jurisdiction over the subject matter and the parties until final resolution.
Accordingly, the QDRO ruling(s) are not ripe for appeal at this procedural juncture, and the appeal of the QDRO ruling(s) is accordingly dismissed.
We further find that the rulings Mr. Goines complains of are interlocutory as well. La. C.C.P. art. 2083 provides that appeals may be taken from final judgments and from interlocutory judgments that cause irreparable injury. A final judgment is one that determines the merits in whole or in part. La. C.C.P. art. 1841. La. C.C.P. art. 1915 provides, in pertinent part:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the | srelief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1)Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
(6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).
B.(l) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, re-conventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the *318 claims and the rights and liabilities of all the parties.
The rulings Mr. Goines complains of do not constitute final judgments under the above guidelines. They determine preliminary matters that may be further reviewed as the partition proceeding is finalized. Nor have the parties made the requisite showing of irreparable harm to entertain an immediate appeal of these rulings. The Court in Plauche noted that:
In contrast to a final judgment, an interlocutory judgment is one that determines preliminary matters rather than the merits. La. C.C.P. art. 1841. An interlocutory judgment causes “irreparable injury” and is 1 ^therefore appealable when the ruling cannot, as a practical matter, be corrected on appeal. Herlitz Constr. Co. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981).
The parties to this case were divorced in 2001 and the community property partition proceeding has been pending in the courts since then. Entertaining multiple and piecemeal appeals does not serve the interests of the parties in obtaining resolution of this matter, or promote the policy of judicial economy that lies within La. C.C.P. art. 1915.[2] The parties may, of course, obtain appellate review of all interlocutory judgments, including the ones at issue, once a final community property partition judgment is rendered.

CONCLUSION

For the above-stated reasons, we dismiss this appeal and remand the matter to the trial court for further proceedings consistent with this opinion.

APPEAL DISMISSED; REMANDED.

. Related matters were also heard in River Parishes Financial Services, L.L.C. v. Goines, 07-641 (La.App. 5 Cir. 2/6/08), 979 So.2d 518.

. See, for an analogous situation, Tramontin v. Tramontin, 10-0060 (La.App. 1 Cir. 12/22/10), 53 So.3d 707, wherein the appellate court found, in an ex-wife's action to rescind a partition agreement and to nullify a judgment that homologated a community property agreement, that the trial court's interlocutory rulings with regard to ownership of stock and stock options were not final for purposes of immediate appeal. The court found that to permit an appeal of those judgments would encourage multiple appeals and piecemeal litigation, and would prohibit expeditious disposition of this community property case.