*72 ON MOTION TO DISMISS APPEAL
PER CURIAM.
Appellees, New Orleans Baptist Theological Seminary, et al, moved to dismiss a devolutive appeal taken by Anna Burglass DeSalvo Dunker from the refusal to grant her motion for correction of judgment on January 18, 1982.
The procedural sequence is as follows: A judgment was rendered on November 2, 1981, adverse to plaintiff-appellant. No motion for new trial was made nor was there any petition for appeal. On January 18, 1982, plaintiff-appellant filed a motion for correction of judgment complaining “that the final judgment rendered in the above cause is erroneous in that it dismisses portions of the cause which are presently under appeal and further dismisses the action as to Finance Funds Group, Inc.” The motion asserted that the judgment should be amended to “affect only the party with issue joined and appeal allowed.” The judge denied that motion the same day and the next day, January 19, 1982, plaintiff-appellant filed a motion for a devolutive appeal from the order of January 18. It is this appeal which is the subject of the motion to dismiss.
We hold that there is no right to appeal that order and the appeal is dismissed. C.C.P. Article 2162. The judgment sought to be amended, that of November 2, 1981, became final and executory due to failure to request a new trial and lapse of the time allotted for suspensive and devolutive appeals, the delay for devolutive appeal lapsing on January 11,1982. This pleading was filed seven days later.
C.C.P. Article 1951 provides that a final judgment may be amended by the trial court at any time for two purposes: 1) to alter the phraseology of the judgment but not the substance; or 2) to correct errors of calculation. It is apparent from the face of the document that the matters sought to be changed are matters of substance, i.e., dismissal of portions of the suit, and Article 1951 does not apply. Plaintiff-appellant is not entitled to have us inquire into the validity of the November 2 judgment by resort to an appeal from the denial of this interlocutory decree after her time for applying for new trial and appeal have expired. To rule otherwise would be to permit litigation to continue forever without conclusion.
Accordingly, the motion to dismiss is granted, and we enter judgment dismissing the appeal of Anna Burglass DeSalvo Dunker filed on January 19, 1982, and signed on January 21, 1982.
APPEAL DISMISSED.