MAX N. TOBIAS, JR., Judge.
 

 |tThe plaintiff, Kenneth Lobell, appeals from a judgment of the trial court that granted a declinatory exception of lack of personal jurisdiction filed by defendant, Craig Rosenberg. We also note that the trial court granted a peremptory exception of no cause of action in favor of defendants, Craig Rosenberg, Ricky Rosenberg, Harry Rosenberg, and Carla Rosenberg Waggoner, but the plaintiff did not assign this as an error or discuss the issue.
 
 [1]
 
 For the reasons that follow, we reverse the judgment of the trial court and remand the matter for further proceedings.
 

 This proceeding centers around the lease of a 44,000 square foot office building located on Canal Street in New Orleans, Louisiana. The lease of the premises dates back to January 1957. The individual defendants (hereinafter, “Rosenberg Heirs” inherited their interests in the
 
 *825
 
 property from Simon Rosenberg and Herman H. Rosenberg.
 
 [2]
 
 )
 

 |2Mr. Lobell decided to assume the lease obligations of the tenant from one of his business partners in 1997. The property is now owned by 2025 Canal St., L.L.C., a Louisiana limited liability company, to which the Rosenberg Heirs transferred their interests after the lawsuit began.
 

 Mr. Lobell contends that after he assumed the lease, he performed over $1,100,000 in improvements to the property over the course of his tenancy. In order to make those improvements, Mr. Lobell took out several loans that were made specifically for improving the property; the lending institutions that made the loans were made additional insureds on the plaintiffs casualty policy for the premises. This insurance coverage was in fact a condition precedent in order to get the improvement loans for the premises. All of this was agreed to and ratified by the Rosenberg Heirs.
 

 In the two years following Hurricane Katrina, Mr. Lobell alleges that he suggested to the defendants that, due to depressed economic conditions in the city and in order for all parties to be able to recoup their investment, they might consider a sale of the building and release of the lease. Although the defendants had never notified Mr. Lobell of any breach of the lease contract, as required by the lease, he avers that the defendants “deliberately misled” him through a series of friendly e-mails over the course of a year representing that they were interested in working out a deal, without acknowledging his right to recoup his million dollar plus investment in the property upon the sale of the premises. The defendants then sent Mr. Lobell a letter of default on the lease on or about 28 December 2007, | ¡.which he did not receive until 15 January 2008. Mr. Lobell claims that he responded, tendering all past due rent as the lease provided a 30-day cure provision. He also offered a complete explanation as to the other allegations of breach claimed by the defendants.
 

 Mr. Lobell further alleges that the defendants refused to accept the rents without valid reason and took possession of the property, making it impossible for him to cure under the 30-day provision of the lease. Further, they made demand for the insurance proceeds paid by the insurer for the casualty to the improvements, which he had used to pay back the bank and repair the perimeter damage to the premises acknowledged by the insurance claim. Accordingly, Mr. Lobell contends that he was wrongfully evicted and now seeks damages therefor, breach of contract, and loss of his investment in the property.
 

 Finally, Mr. Lobell argues that after suit was filed, the Rosenberg Heirs formed 2025 Canal St., L.L.C. and “allegedly” transferred all their interest to it “in a vain attempt to avoid individual and personal liability for their actions.”
 

 The defendants agree that, as a result of Hurricane Katrina, the property was severely damaged. They claim that Mr. Lo-bell, as the tenant, had obligations to maintain insurance coverage in favor of the landlord for damage to the premises, and concomitantly, had obligations to restore the structures after its damage from Hurricane Katrina. They allege that Mr. Lo-bell received approximately $2.2 million in insurance proceeds. After using a portion
 
 *826
 
 of the insurance proceeds to pay his personal obligations, Mr. Lobell pocketed most of the money; he used |4about $400,000 to make repairs to the building, although estimates provided by Mr. Lo-bell’s insurer placed that cost at approximately $3.1 million.
 

 The defendants maintain that besides failing to properly spend the insurance proceeds for the purpose for which they are intended, Mr. Lobell also failed to (a) pay rent, (b) pay property taxes, (c) secure the building despite repeated demands by the landlord, and (d) keep the building and improvements in good order and condition. Subsequently, the city of New Orleans issued a notice indicating that the property could be condemned.
 

 In response to the lawsuit, Craig Rosenberg filed a declinatory exception of lack of personal jurisdiction, while he, Ricky Rosenberg, Harry Rosenberg, and Carla Rosenberg Waggoner filed peremptory exceptions of no cause of action consistent with La. C.C.P. arts. 925 and 927. After briefing and argument, the trial court maintained the exceptions and rendered judgment on 18 March 2010. Mr. Lobell erroneously filed a notice of intent for supervisory writs on 29 March 2010. We recognized the procedural error
 
 [3]
 
 and converted his writ application into an appeal.
 
 [4]
 

 This court reviews a trial court’s dismissal of a claim of lack of personal jurisdiction
 
 de novo. See Walker v. Super 8 Motels, Inc.,
 
 04-2206, p. 4 (La. 4 Cir. 12/7/05), 921 So.2d 988, 986. The party seeking to invoke personal jurisdiction bears the burden of establishing such jurisdiction exists. This burden is satisfied | supon a
 
 prima facie
 
 showing that jurisdiction is appropriate,
 
 de Reyes v. Marine Management and Consulting, Ltd.,
 
 586 So.2d 103, 107 (La.1991).
 

 Our authority to exercise jurisdiction over a non-resident defendant is authorized by the Louisiana Long-arm Statute, La. R.S. 13:3201. This authority is limited by the due process requirements of the Fourteenth Amendment. U.S.C.A. Const. Amend. 14; La. R.S. 13:3201. The due process test was first established by the United States Supreme Court in
 
 International Shoe Co. v. Washington,
 
 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Two prongs of the due process test must be satisfied before personal jurisdiction can be exercised.
 
 Id.
 
 First, the nonresident defendant must have “minimum contacts” with the forum state; and second, the exercise of personal jurisdiction in the forum state must not violate the basic notions of “fair play and substantial justice.” When applying the test the quality and nature of the activity must be considered.
 
 See id.
 

 In order for a plaintiff to satisfy its burden of proving minimum contacts with the forum state, he must show that the defendant purposefully availed itself of the laws and protections of the forum state.
 
 Burger King Corp. v. Rudzewicz,
 
 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Once the plaintiff demonstrates that minimum contacts with the forum state exists, “ ‘a presumption of reasonableness of jurisdiction arises’ and ‘the burden then shifts to the opposing party to prove the assertion of jurisdiction would be so unreasonable in light of traditional notions of fair play and substantial justice as to overcome the presumption of reason
 
 *827
 
 ableness created by the defendant’s minimum contacts with the forum.’ ”
 
 Ruckstuhl v. Owens Corning Fiberglas Corp.,
 
 98-1126, p. 6 (La.4/13/99), 731 So.2d 881, 886,
 
 citing de Reyes, supra,
 
 586 So.2d at 107 (La.1991).
 

 In general, a question of personal jurisdiction is a factual determination that must be weighed on a case by case basis. No clear-cut rules or a set jurisdictional formula exist that can be applied in determining whether personal jurisdiction conforms to the notion of “fair play and substantial justice.”
 
 See Burger King, supra.
 

 La. R.S. 13:3201 provides in pertinent part:
 

 A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
 

 (1) Transacting any business in this state.
 

 (2) Contracting to supply services or things in this state.
 

 (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
 

 (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
 

 (5) Having an interest in, using or possessing a real right on immovable property in this state.
 

 [[Image here]]
 

 [7B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States. [Emphasis supplied.]
 

 In its answer to the petition and second amended petition, 2025 Canal St., L.L.C., stated:
 

 It is admitted that on March 28, 2008, when the Petition was filed, Cindy Rosenberg was an owner and lessor of the premises located at 2025 Canal St., New Orleans, Louisiana 70119 (hereinafter “the Property”). The remaining owners and lessors of the property at that time were Craig Rosenberg, Ricky Rosenberg, Harry Rosenberg, Lenore Rosenberg Bramlett, Ann Rosenberg Silbermann, Carla Rosenberg Waggoner, Paige Rosenberg Hirsch-kopf, Rosalie Rosenberg Samuelson, and Larry Rosenberg. All owners-lessors transferred the entirety of their respective interests to defendant, 2025 Canal St., L.L.C., by instruments filed for the record in the Conveyance Office, Orleans Parish, on May 30, 2008. At the time of the filing of this Answer, the owner of the Property is 2025 Canal St., L.L.C. [Emphasis supplied.]
 

 Thus, at all pertinent times, the defendants admit that they owned an interest in the subject property, and as lessors, were transacting business in this state. We do not find that the exercise of personal jurisdiction over the out-of-state heirs violates the basic notions of fair play and substantial justice. Therefore, the court erred when it granted the declinato-ry exception of lack of personal jurisdiction in favor of Craig Rosenberg.
 

 We note that Mr. Lobell did not address the exception of no cause of action
 
 *828
 
 that was granted in favor of Craig Rosenberg, Ricky Rosenberg, Harry Rosenberg, and Carla Rosenberg Waggoner. Although it was a part of the judgment from which Lobell appealed, no party addressed the issue in their briefs. We note that, pursuant to La. C.C.P. art. 927 B, the failure to disclose a cause of action or a right |sor interest in the plaintiff to institute a suit may be noticed by either the trial or appellate court on its own motion. In this matter, it is the reverse: we are noticing the presence of a cause of action; this is permitted by La. C.C.P. arts. 2129 and 2164, the latter of which mandates the appellate court “render any judgment which is just, legal, and proper upon the record on appeal.” Finally, Mr. Lobell appealed from the entire judgment signed by the trial court on 18 March 2010. Consequently, we are addressing the issue by relying on the arguments made before the trial court and without further briefing from the parties.
 

 In the trial court, the Rosenberg Heirs argued that Mr. Lobell did not have a cause of action against them individually because they had all transferred their respective interest in the property to 2025 Canal St., L.L.C. They further argue that the petition fails to state material facts sufficient to withstand an exception of no cause of action. Thus, they argue that Mr. Lobell’s only cause of action exists against the limited liability company. In return, Mr. Lobell maintained that (a) the limited liability company was formed after suit was filed and was done solely to insulate the Rosenberg Heirs from personal liability, and (b) he had asserted individual causes of action against the Rosenberg Heirs long before the existence of the limited liability company. We agree with Mr. Lobell.
 

 We cannot say why the Rosenberg Heirs formed the limited liability company. However, it was done after the lawsuit was filed, and the Rosenberg Heirs admit that they were the joint owners and lessors of the property when this litigation began. The limited liability company is a necessary party to the lawsuit; it has intervened and is thus a party to the litigation.
 

 No written reasons were issued by the trial court when it granted the exception of no cause of action. Thus, we cannot know why the trial court granted | ¿the exception. The trial court must permit Mr. Lobell the opportunity to amend his petition to state a cause of action within a reasonable period of time if the grounds for the exception may be removed.
 
 See
 
 La. C.C.P. art. 934.
 

 Based on the foregoing, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
 

 REVERSED: REMANDED.
 

 BELSOME, J., concurs with reasons.
 

 BELSOME, J., concurs with reasons.
 

 hi concur in the result reached by the majority, but write separately to acknowledge the peculiar fact pattern in this case. The petition was filed on March 28, 2008, and 2025 Canal St., L.L.C. was not formed until May 80, 2008. On June 25, 2008, 2025 Canal St., L.L.C., intervened in the lawsuit. As the majority notes, Appellant asserted causes of action against the Rosenberg heirs individually before the formation of the limited liability company. With respect to exceptions of no cause of action, the Louisiana Supreme Court has held that “pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice.”
 
 Kuebler v. Martin,
 
 578 So.2d 113, 114 (La.l991)(citing La. C.C.P. art. 865;
 
 Teachers’ Retirement System v. Louisiana State Employees’ Retirement System,
 
 456 So.2d 594 (La.1984);
 
 *829
 

 Haskins v. Clary,
 
 346 So.2d 193 (La.1977);
 
 Hero Lands Co. v. Texaco, Inc.,
 
 310 So.2d 93 (La.1975)). Thus, “[w]hen it can reasonably do so, the court should maintain a petition against a peremptory exception so as to afford the litigant an opportunity to present his evidence.”
 
 Kuebler,
 
 578 So.2d at 114 (citing
 
 Teachers’ Retirement System v. Louisiana State Employees’ Retirement System, supra; Benson v. St. Paul Fire and Marine Insurance Co.,
 
 363 So.2d 711 (La.1978)). Accordingly, I agree with the ^majority’s determination to reverse and remand the trial court’s sustaining of the exception of no cause of action.
 

 With regard to the jurisdiction issue, as the majority recognizes, personal jurisdiction may be established over a non-resident who has an interest in immovable property in Louisiana pursuant to La. R.S. 13:3201. The plaintiff plainly demonstrated that Craig Rosenberg, as an individual with an admitted ownership interest in immovable property in Louisiana at the time suit was filed, had minimum contacts with Louisiana.
 
 See id.
 
 Accordingly, the first prong of the due process inquiry was met.
 

 Turning to the question of whether jurisdiction in this case comports with traditional notions of fair play and substantial justice, the Louisiana Supreme Court has recognized that the burden shifts to the litigant opposing jurisdiction once minimum contacts have been established,
 
 de Reyes v. Marine Mgmt. & Consulting, Ltd.,
 
 586 So.2d 103, 106 (La.1991). Thus, “the burden of proof and persuasion shifts to the defendant opposing jurisdiction to present ‘a compelling case that the presence of some other considerations would render jurisdiction unreasonable.’ ”
 
 Id.
 
 (quoting
 
 Burger King Corporation v. Rudzewicz,
 
 471 U.S. 462, 477 105 S.Ct. 2174, 2185, 85 L.Ed.2d 528 (1985)). Craig Rosenberg’s assertion that his ownership interest in the subject property at the time the lawsuit was filed was subsequently converted into a “fractional ownership interest in the limited liability company” is insufficient to overcome the presumption that personal jurisdiction is reasonable pursuant to his minimum contacts with Louisiana. Likewise, Craig Rosenberg’s assertion that he does not maintain a bank account, routinely travel to, or conduct business in Louisiana is also insufficient to establish a “compelling case” that would render jurisdiction unreasonable.
 
 See id.
 

 [1]
 

 . We note that exceptions of lack of personal jurisdiction and no cause of action were also filed on behalf of defendants, Lenore Rosenberg Bramblett and Rosalie Rosenberg Samuelson, which were set for hearing in March 2010. However, the record before us does not contain a judgment on those exceptions.
 

 [2]
 

 . The Rosenberg Heirs consist of Cindy Ann Rosenberg, Craig Rosenberg, Ricky Rosenberg, Harry Rosenberg, Lenore Rosenberg Bramlett, Ann Rosenberg Silbermann, Carla Rosenberg Waggoner, Paige Rosenberg Hirschkopf, Rosalie Rosenberg Samuelson, and Larry Rosenberg.
 

 [3]
 

 . The judgment was final and therefore ap-pealable. La. C.C.P. arts.1911 and 1915.
 

 [4]
 

 . This court has for the most part ceased granting writs of certiorari, the traditional method for addressing writ applications in a fashion similar to an appeal. We do not address here the appropriateness of so doing.