Judge Joy Cossich Lobrano I, These consolidated appeals arise from post-trial motions in a commercial lease dispute. 2025 Canal Street, L.L.C., Cindy Rosenberg Denn, Craig Rosenberg, Ricky Rosenberg, Harry Rosenberg, Lenore Rosenberg Bramblett, Ann Rosenberg Sil-berman, Carla Rosenberg Waggoner, Paige Rosenberg Hirschkop, Rosalie Rosenberg Samuelson, and Larry Rosenberg (collectively the “Rosenbergs”) appeal the district court’s September 6, 2016 judgment denying their Motion to Assess Payment of Post-Trial Unpaid Rent, Unpaid Taxes, Unpaid Insurance, and Interest Thereon. Kenneth H. Lobell and KHL Canal, L.L.C. (collectively “Lobell”) separately appeal the district court’s September 27, 2016 judgment denying their Motion to Amend Judgment under La. C.C.P. art. 1951. Finding that this Court lacks appellate jurisdiction to review the consolidated appeals, for the reasons that follow, we dismiss the appeals. . The procedural history of this matter is detailed in this Court’s prior opinion, Lobell v. Rosenberg, 2014-0060 (La. App. 4 Cir, 1/7/15), 158 So.3d 874, writ granted, 2015-0247 (La. 5/1/16), 169 So.3d 366, and rev’d, 2015-0247 (La 10/14/15), 186 So.3d 83 (“Lobell II”)[1]; the Louisiana Supreme Court’s opinion, Lobell v. Rosenberg, 2015-0247 (La. 10/14/15), 186 So.3d 83 (“Lobell III”); and this Court’s opinion on remand, and Lobell v. Rosenberg, 2014-0060 (La. App. 4 Cir. 1/27/16), 184 So.3d 850, reh’g denied (3/9/16), writ denied, 2016-0669 (La. 5/27/16), 192 So.3d 744 (“Lobell TV”). As summarized by the Supreme Court: Mr. Lobell filed a petition for writ of possession and a • possessory action against the Rosenbergs, [footnote omitted] alleging damages arising out of the Rosenbergs’ failure to allow him time to cure the default pursuant to the 1957 lease provisions, anticipatory breach of contract, and wrongful eviction during the lease term. The Rosenbergs responded by filing an incidental demand against Mr. Lobell, alleging he breached the lease and consent agreement by failing to pay rent and taxes, maintain $2,6 million in hazard insurance, place insurance proceeds ⅛ trust, spend the insurance proceeds Tor the purpose of repairing the building and improvements, and keep improvements'in good repair, [footnote omitted]. Following a trial on the merits, the district court rendered judgment in favor of the Rosenbergs and dismissed Mr. Lobell’s claims. The court terminated the lease of the property and rendered a money judgment in favor of the: Rosenbergs in the amount of $3,647,127.81. [[Image here]] Mr, Lobell appealed. On appeal, the court of appeal affirmed the portion of the judgment dismissing Mr. Lobell’s causes of action and claims for damages against the Rosenbergs. However the court of appeal vacated the portion of the district court’s judgment which terminated the lease and awarded damages. In finding the lease was not properly terminated, the court of appeal found the Rosenbergs’ default letters failed to afford Mr. Lobell a period of time to remedy his default... Lobell III, 2015-0247 at pp. 4-8, 186 So.3d at 86-88 (internal citations omitted).[2] |sUpon the application of the Rosen-bergs, the Supreme Court granted cer-tiorari, reversed this Court’s judgment insofar as it vacated the district court’s judgment, and “reinstate[d] the district court’s judgment holding that the lease was properly terminated.” Id., 2015-0247 at p. 11, 186 So.3d at 91. Because this Court pretermitted consideration of the district court’s award of damages, the Supreme Court remanded the. case to this Court for consideration of this issue. Id. On remand, this Court affirmed the district court’s award of restoration costs. Lobell IV, 2014-0060 atp. 1, 184 So.3d at 852. Lobell then applied for a writ of certiorari, which the Supreme Court denied. Lobell v. Rosenberg, 2016-0669 (La. 5/27/16), 192 So.3d 744. After the conclusion of the prior appeal, the district court heard eight post-trial motions- on August 31, 2016, including the two motions that are the subject of these consolidated appeals. The Rosenbergs filed a motion to assess payment of post-trial rent, taxes, insurance, and interest arguing that, because Lobell sought suspensive appeal of the August 22, 2013 judgment, the Rosenbergs were deprived of use of the leased property but continued to incur and were required to pay taxes, insurance, and maintenance costs on the property while the suspensive appeal was pending. Lobell opposed the Rosenbergs’ motion, contending that the Supreme Court held that the lease was terminated in 2008 by default letters sent by the Rosenbergs to Lobell and that the Rosenbergs are not entitled to recover post-termination damages. | ¿Lobell raised a similar argument in his motion to amend the August 22, 2013 judgment, in which he contended that the Supreme Court’s opinion requires that the district court’s award of damages be recalculated. Lobell argues that damages should be reduced to reflect a lease termination date in 2008, and the award of judicial interest should be amended to reflect that interest on restoration costs is due only from the date of judgment, not from the " date of judicial demand. The Rosenbergs opposed Lobell’s motion, arguing that Lobell is seeking substantive amendments to a final judgment, which are prohibited by La.C.C.P. art. 1951,[3] and that Lobell’s arguments regarding the lease termination' date and interest were not raised at trial in 2013 or to the Supreme Court on the prior appeal and were waived.[4] The district court rendered judgments on September 6, 2016 and September 27, 2016 denying both motions. The Rosen-bergs devolutively appealed the September 6, 2016 judgment, Lobell devolutively appealed the September 27, 2016 judgment, and the appeals were consolidated on Lo-bell’s motion. Before addressing the merits, this Court must determine whether we have jurisdiction to consider the appeals. Turning to the September 6, 2016 judgment, it is evident from the record that the district court’s denial of the Rosenbergs’ motion to assess post-trial rent, taxes, and insurance resolved some, but not all, of the Rosenbergs’ remaining | ^claims against Lobell. We must therefore consider whether it is an appealable judgment. La. C.C.P. art. 1915(B) provides: (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the-claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is -no just reason for delay. (2) In the absence of such a determination and designation, any such .order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties. The record reveals that the Rosenbergs also filed a motion for.post-trial attorneys’ fees. In the September 27, 2016 judgment, in which the district court ruled on many of the post-trial motions heard on August 31, 2016, the district court granted the motion for post-trial attorneys’ fees, but reserved the issues of reasonableness of fees and start date for calculation of judicial interest.[5] The September 27, 2016 judgment anticipated that the parties would attempt to reach an agreement on attorneys’ fees,-and then litigate the issue if needed. The parties subsequently filed memoranda and exhibits with the district court in support of their respective positions on fees: The amount of attorney’s fees has not been adjudicated by the district court, and this issue between the parties remains to be resolved. Accordingly, the September 6, 2016 judgment is a partial judgment |fiwithin the ambit of La. C.C.P. art. 1915(B).[6] Therefore, it is not appealable absent designation as a final judgment by the district court. No such designation appears in the record, nor do the Rosenbergs assert that they have sought or obtained one. We therefore lack appellate jurisdiction to review the September 6, 2016 judgment. See Delahoussaye v. Tulane Univ. Hosp. & Clinic, 2012-0906, p. 4 (La. App. 4 Cir. 2/20/13), 156 So.3d 560, 562. Next, considering the September 27, 2016 judgment, the district court’s ruling, denying Lobell’s motion to amend the August 22, 2013 judgment, is an interlocutory decree and is not part of an unrestricted appeal from a valid final judgment. See Dunker v. New Orleans Baptist Theological Seminary, 411 So.2d 71, 72 (La. App. 4th Cir. 1982) (holding that there was no right to appeal an order denying a motion for correction of judgment, which was filed after delays for applying for new trial and appeal expired). See also Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Techs., Inc., 2010-477, p. 15 (La. App. 5 Cir. 10/29/10), 52 So.3d. 909, 917 (declining to consider on appeal post-trial interlocutory rulings denying motion to reform judgment). We find that the district court’s denial of Lobell’s Motion to Amend Judgment under La.C.C.P. art. 1951 is a non-frappealable interlocutory ruling, and we lack appellate jurisdiction to review the September 27, 2016 judgment. See id. The parties urge; this Court, in the alternative, to convert their respective appeals to applications for supervisory writ. As this Court explained in Delahoussaye, 2012-0906 at pp. 4-5, 155 So.3d at 562-63: The proper procedural vehicle to seek review of an interlocutory judgment that is not immediately appealable is an application for supervisory writ. La.C.C.P. art. 2201; Gieck v. Tenet Healthcare Corp., 2007-1597, p. 3 (La. App. 4 Cir. 1/23/08), 976 So.2d.767, 769; Lalla v. Calamar, N.V., 2008-0952, pp. 5-6 (La. App. 4 Cir. 2/11/09), 5 So.3d 927, 931. Under certain circumstances, this court has exercised its discretion to .convert the appeal of an interlocutory judgment into an application for supervisory writ. Reed v. Finklestein, 2001-1015, p. 3 (La. App. 4 Cir. 1/16/02), 807 So.2d 1032, 1033-34; Lalla v. Calamar, supra, Favrot v. Favrot, 2010-0986, p. 2 (La. App. 4 Cir. 2/9/11), 68 So.3d 1099, 1102. [footnote omitted] However, we do so only when the motion for appeal has been filed within-the. thirty-day time-period allowed for the filing of an application for supervisory writs under Rule 4-3 of the Uniform Rules, Courts of Appeal. See: Reed v. Finklestein, supra; Francois v. Gibeault, 2010-0180, p. 2 (La. App. 4 Cir. 8/25/10), 47 So.3d 998, 1000; Jones v. Next Generation Homes, LLC, 2011-0407, p. 2 (La. App. 4 Cir. 10/5/11), 76 So.3d 1238, 1240, writ denied, 2011-2401 (La. 11/23/11), 76 So.3d 433; Barham, Warner & Bellamy, L.L.C. v. Strategic Alliance Partners, L.L.C., 2009-1528, pp. 4-5 (La. App. 4 Cir. 5/26/10), 40 So.3d 1149, 1152. Additionally, this court has found it appropriate to exercise its supervisory jurisdiction only in cases where the circumstances indicate that immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and judicial efficiency, such as where reversal of the trial court’s decision would terminate the litigation. Reed v. Finklestein, supra. See also, Jones v. Next Generation Homes, LLC, supra (court found that the issue—revocation of appointment of counsel pro hoc vice—would become moot by the'time the trial court’s decision was ripe for appeal). We find none of these conditions present here. The motion for devolutive appeal of the district court’s judgment rendered September 6, 2016 was filed sixty-four (64) days later, on November 9, 2016. As to the judgment rendered on | ^September 27, 2016, the motion for devolutive appeal was filed fifty-five (55) days later, on November 21, 2016. “[W]hile the motion for appeal could be construed to be a notice of intent to seek supervisory writs, it could not be construed as a timely one where it was filed more than thirty days from the court’s ruling,” Babineaux v. Univ. Med. Ctr., 2015-292, p. 7 (La. App. 3 Cir. 11/4/15), 177 So.3d 1120, 1125 (stating that “the motion [for appeal] was filed untimely for a writ application, and if we allowed the conversion, the writ application would be dismissed because of untimeliness”). Further, because there are issues remaining to be litigated between the parties, review of the district court’s decision at this juncture would not result in termination of the litigation. We find that reviewing this matter in its current procedural posture would promote piecemeal appeals and contravene the principles of judicial economy.[7] The parties have not lost their right to appeal either judgment once a final judgment has been rendered as to all claims and all parties, and the parties have not lost the option of requesting that the''district court certify the September 6, 2016 judgment as final pursuant to La. C.C.P. art. 1915(B). See Delahoussaye, 2012-0906 at pp. 5-6, 155 So.3d at 563; see also Input/Output Marine, 2010-477 at p. 16, 52 So.3d at 917. For these reasons, we decline to exercise our discretion to consider the respective motions for appeal as applications for supervisory writs. Accordingly, we dismiss the consolidated appeals for lack of jurisdiction. IbAs a final matter, Lobell assigns as error in his briefs the district court’s “lack of impartiality” which he argues was demonstrated by the release of funds held in the registry of the court. These funds, in the amount of $4,750,000.00, were held pursuant to a letter of credit in lieu of suspensive appeal bond in satisfaction and/or partial satisfaction of the August 22, 2013 judgment. The judgment releasing the funds from the court’s registry was rendered on September 28, 2016. The September 28, 2016 judgment is not properly before us, and we do not address Lobell’s arguments concerning this judgment. The record contains no motion or order of appeal relative ;to the September 28, 2016-judgment. On September 6, 2016, the district court rendered a separate judgment—in addition to the judgment the Rosenbergs appeal—which ordered the deposit of the funds represented by the letter of credit into the district court’s registry; however, the record does not reflect that Lobell filed a motion for appeal or answer to appeal relative to either judgment rendered on September 6, 2016. There is no indication that Lobell attempted to attack either the September 6, 2016 or September 28, 2016 ruling by seeking supervisory writs. Rather, Lobell challenges the court’s release of funds ancillary to his devolutive appeal of the September 27, 2016, judgment. There is no indication in the record that an incorrect date was inserted into Lobell’s motion for appeal; We acknowledge that in certain cases, courts of appeal -have opted to review a judgment where such judgment is identified by an incorrect date in the motion for appeal and where it is evident from the record and the briefs that all parties Imhave treated the appeal as though it encompassed the misidentified judgment. Cf. State, Dep’t. of Transp. & Dev. v. Estate of Summers, 527 So.2d 1099, 1100 (La. App. 1st Cir. 1988).[8] However, we find such cases distinguishable from the record herein, as Lobell’s appeal specifically seeks reversal of the denial of his motion to amend judgment. “There must be some certainty and definiteness as to which judgment is being appealed.” Carpenter v. Travelers Ins. Co., 402 So.2d 282, 284, n. 1 (La. App. 3d Cir. 1981). To review the district court’s judgment releasing funds from its registry would require us to adopt an activist position that we decline to undertake on the facts before us. We thus do not address Lobell’s arguments regarding the September 28, 2016 judgment. For the reasons stated above, the consolidated appeals are dismissed. APPEALS DISMISSED . In Lobell v. Rosenberg, 2010-0983 (La. App. 4 Cir. 4/6/11), 62 So.3d 823 ("Lobell I"), this Court reviewed the district court’s judgment granting exceptions of lack of personal jurisdiction and no cause of action, which are not at'issue in the present appeal. . The district court judgment, on appellate review in Lobell II, Lobell III, and Lobell TV, was rendered on August 22, 2013. . La. C.C.P. art, 1951 provides in pertinent .part: ''[o]n motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation. .. ” . See Lobell IV, 2014-0060 at pp. 7-8, 184 So.3d at 854-55. . A judgment granting attorney's fees but not assessing the amount of those fees is not a final judgment. Andrew Paul Gerber Testamentary Tr. v. Flettrich, 2016-0065, p. 5 (La. App. 4 Cir. 11/2/16), 204 So.3d 634, 638 (citing Steele v. Compass Welding Co., 590 So.2d 1235, 1238 (La. App. 1st Cir. 1991)). . We disagree with the Rosenbergs' argument that the September 6, 2016 judgment is final and appealable pursuant to La. C.C.P. art. 1915(A)(5), which provides: "[a] final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court: ... [sjigns a judgment on the -issue of liability when that issue has .been, tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.” The record before us contains no indication that liability and damages on this issue were tried separately. We find that subsection (A)(5) does not apply to the September 6, 2016 judgment. . "Judicial economy and the avoidance of piecemeal appeals remain guiding appellate principles.” Evans v. Evans, 2002-691, pp. 3-4 (La. App. 5 Cir. 11/19/02), 833 So.2d 427, 428. . See also Wilson v. Transp. Consultants, Inc., 2004-0334, p. 4 (La. App. 4 Cir. 3/2/05), 899 So.2d 590, 596 ("An. error misstating the date of judgment in a motion for appeal does not require dismissal where the: 1) appellant actually intended to appeal from a related judgment of the trial court; 2) errors assigned in brief on merits were adjudicated by a related judgment; or 3) parties were aware of which judgment appellant intended to appeal, and the appellee was not prejudiced by the error in date”).