Louisiana Code of Civil Procedure Article 2083 provides:
A. A final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814.
* * *
C. An interlocutory judgment is appealable only when expressly provided by law.
Louisiana Code of Civil Procedure Article 1915(B) provides in pertinent part:
1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to *1088 one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
The Comments to Article 1915 note that "[t]he rule that there should be one final judgment is designed to prevent multiplicity of appeals and piecemeal litigation."
The March 8, 2018 judgment did not resolve all the issues before the district court at the February 7, 2018 hearing. The judgment only addressed the issue of Mr. Burford's voluntary unemployment; the judgment did not set monthly child and spousal support along with other matters.[2] Moreover, the record does not reflect the district court designated the March 8, 2018 judgment as final; and Mr. Burford does not assert that he obtained one. Consequently, we find the judgment is a partial judgment and is not appealable absent designation as a final judgment by the district court. La. C.C.P. art. 1915(B) and La. C.C.P. art. 1911.[3] Accordingly, this Court lacks appellate jurisdiction.
Nevertheless, appellate courts have the discretion to consider a partial judgment or interlocutory judgment under its supervisory authority. See Dupuy Storage & Forwarding, LLC v. Max Speciality Ins. Co. , 16-0050, p. 9 (La. App. 4 Cir. 10/5/16), 203 So.3d 337, 344 (quoting Favrot v. Favrot , 10-0986, p. 5 (La. App. 4 Cir. 2/9/11), 68 So.3d 1099, 1104 )(wherein this Court noted that "[a] court of appeal has plenary power to exercise supervisory jurisdiction over district courts and may do so at any time, according to the discretion of the court.") In Dupuy , this Court held that when appropriate, an improper appeal may be converted by the court to a supervisory writ application. Id.
Before this Court will exercise its supervisory jurisdiction, the motion for appeal must be filed within the thirty-day time period allowed for filing an application for a supervisory writ in accordance with Rule 4-3, Uniform Rules, Courts of Appeal. See Delahoussaye v. Tulane Univ. Hosp. & Clinic , 12-0906, p. 5 (La. App. 4 Cir. 2/20/13), 155 So.3d 560, 563. Next, this Court, in contemplating whether to convert an improper appeal to a supervisory writ application, "has found it appropriate to exercise its supervisory jurisdiction only in cases where the circumstances of the case indicate that an immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and judicial efficiency, such as where reversal of the trial court's decision would terminate the litigation." Id. (citations omitted).
In the case sub judice , Mr. Burford's appeal was filed within the thirty day period *1089 required for filing an application for a supervisory writ. Rule 4-3, Uniform Rules, Courts of Appeal. Notwithstanding, any ruling by this Court on the March 8, 2018 judgment would not terminate litigation; and it would require the matter to be remanded to the district court to resolve the remaining issues such as setting the monthly payments for child and spousal support. As a result, this Court's exercise of its supervisory review in this case would promote piecemeal review and infringe on the principles of judicial economy. See Lobell v. Rosenberg , 17-0111, p. 8 (La. App. 4 Cir. 10/4/17), 228 So.3d 1241, 1247.[4] For these reasons, we decline to exercise our discretion to consider Mr. Burford's motion for appeal as an application for a supervisory writ.
Accordingly, we dismiss the appeal for lack of jurisdiction.[5]
CONCLUSION
For the reasons stated, the appeal is dismissed.
APPEAL DISMISSED

In her brief to this Court, Mrs. Burford asserts the district court failed to render judgment on why Mr. Burford should not pay for mental health evaluations for the children and Mrs. Burford, and why Mr. Burford should not submit to drug testing, mental health treatment, and substance abuse treatment. Mrs. Burford also complains that the district court failed to set attorney's fees and cost in accordance with La. R.S. 9:314.

La. C.C.P. art. 1911 provides that "[n]o appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article 1915(B)."

In Lobell, supra , this Court chose not to exercise its discretion to convert an improper appeal to a supervisory writ application and noted that "reviewing this matter in its current procedural posture would promote piecemeal appeals and contravene the principles of judicial economy." Id. , 17-0111, p. 8, 228 So.3d at 1247. In footnote 7 of the opinion, this Court quoted Evans v. Evans , 02-691, pp. 3-4 (La. App. 5 Cir. 11/19/02), 833 So.2d 427, 428, in support, which held that "[j]udicial economy and the avoidance of piecemeal appeals remain guiding appellate principles." Lobell , 17-0111, p. 8, 228 So.3d at 1247, n.7.

Mr. Burford will not lose his right to appeal the March 8, 2018 judgment once a final judgment has been rendered as to all claims. See Lobell, 17-0111, p. 8, 228 So.3d at 1247 ; Delahoussaye , 12-0906, pp. 5-6, 155 So.3d at 563.