STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 0169

TRITON DIVING SERVICES LLC

VERSUS

OFFSHORE MARINE SERVICE ASSOCIATION, INC. and
AARON SMITH

Judgment Rendered: **SEP 2 1 2023**

* * * * *

On Appeal from the
Seventeenth Judicial District Court
In and for the Parish of Lafourche
State of Louisiana
No. C-143,735 Division B

The Honorable John E. LeBlanc, Judge Pro Tempore

* * * * *

Jean-Paul Layrisson
Timothy David Scandurro
Krista M. Eleew
New Orleans, Louisiana

Attorneys for Plaintiff/Appellee
Triton Diving Services, LLC

Alex P. Tilling
Adam D. Whitworth
Karen E. Futch
New Orleans, Louisiana

Attorneys for Defendants/Appellants
Offshore Marine Service Association
and Aaron Smith

* * * * *

BEFORE: WELCH, HOLDRIDGE, AND WOLFE, JJ.

Wolfe, J. dissents with reasons.

Welch J. concurs without reasons.

**HOLDRIDGE, J.**

The defendants, Offshore Marin Services Association ("OMSA") and Aaron Smith (OMSA's President, Chief Executive Officer, and Director), have appealed a trial court judgment awarding the plaintiff, Triton Diving Services, LLC, attorney's fees and costs pursuant to a special motion to strike pursuant to La. C.C.P. art. 971(B). The plaintiff has filed a motion seeking to dismiss defendants' appeal because the judgment appears to be a partial judgment that was not certified as final by the trial court under La. C.C.P. art. 1915(B). For the reasons set forth below, we grant the motion and dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

On November 9, 2021, plaintiff filed a "Petition for Damages and Injunctive Relief," against defendants, OMSA and Aaron Smith. Plaintiff, which was an offshore service company that provided diving, heavy lift, and project management services to its customers in the Gulf of Mexico oil and gas industry, alleged that "OMSA [was] a lobbying and public relations tool of its members, many of which [were] direct business competitors of [plaintiff]." Plaintiff further alleged that OMSA, despite having no regulatory or other legal authority to enforce the Jones Act, had acquired an ocean-going vessel it called "the Jones Act Enforcer" that it claimed would "gather video and photographic evidence of Jones Act violations" that "w[ould] be submitted to [the] authorities, made public, and shared with the media." Plaintiff alleged that it "became [one of] the first victims of OMSA's so called 'Jones Act Enforcer' and its witch hunt program[,]" and OMSA had made "multiple blatantly false statements" to damage plaintiff. Plaintiff sought damages due to the false publication and injunctive relief "enjoining defendants ... from continuing to publish defamatory statements ... and requiring the removal and mitigation of any such false publications." Plaintiff also alleged that OMSA may be

2

liable under the Louisiana Unfair Trade Practices Act ("LUTPA") for treble damages and attorney's fees.

In response, defendants filed a special motion to strike under La. C.C.P. art. 971.[1] Defendants alleged that any claim for defamation, as well as any claims asserted under LUTPA (which defendants aver relies on the success of the defamation claims), should be struck from the petition. Following a hearing, the trial court signed a judgment on June 20, 2022, denying defendants' special motion to strike. The judgment further provided that any request plaintiff made for attorney's fees and costs pursuant to La. C.C.P. art. 971(B) was "to be considered upon [a] separate motion."

Thereafter, plaintiff filed a motion to set attorney's fees and costs. Following an August 31, 2022 hearing, the trial court made a ruling from the bench setting the awards, at which time plaintiff's counsel indicated he would submit a judgment. Subsequently, on November 6, 2022, the trial court signed the judgment in accord with its oral ruling that granted attorney's fees and costs in favor of plaintiff and against defendants in the sum of $14,000.00 "pursuant to La. [C.C.P. art.] 971 B[.]" Notice of the foregoing judgment was issued on November 14, 2022.

---

[1] Louisiana Code of Civil Procedure article 971 provides, in pertinent part:

> A. (1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.
> (2) In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
> (3) If the court determines that the plaintiff has established a probability of success on the claim, that determination shall be admissible in evidence at any later stage of the proceeding.
>
> B. In any action subject to Paragraph A of this Article, a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs.

3

On December 6, 2022, defendants filed a motion seeking to appeal the November 6, 2022 judgment, "as well as any other judgments, orders, per curiams and/or rulings that were adverse to Defendants."

After the record was lodged with this court, plaintiff filed two motions: 1) a motion to dismiss the appeal for lack of jurisdiction; and 2) a motion to suspend briefing delays. On April 6, 2023, this court denied the motion to suspend briefing delays and the motion to dismiss the appeal for lack of jurisdiction was referred to the panel that the appeal was assigned.

## JURISDICTION

Before reaching the merits of this appeal, we will address plaintiff's motion to dismiss the appeal for lack of jurisdiction. Therefore, we must determine whether we have jurisdiction over the November 6, 2022 judgment. Our jurisdiction extends only to "final judgments." See La. C.C.P. art. 2083(A). This court cannot determine the merits of an appeal unless our appellate jurisdiction is properly invoked by a valid final judgment. **Doctors for Women Medical Center, L.L.C. v. Breen**, 2019-0582 (La. App. 1 Cir. 5/11/20), 303 So.3d 667, 671. Partial final judgments defined in La. C.C.P. art. 1915(A) are appealable as a matter of right. Other partial judgments that fall outside of the scope of La. C.C.P. art. 1915(A) are generally not appealable absent a La. C.C.P. art. 1915(B) designation.

In this case, the parties dispute whether the November 6, 2022 judgment is appealable by operation of law under La. C.C.P. art. 1915(A)(4). Moreover, defendants assert that the judgment is also appealable under La. C.C.P. art. 1915(A)(6). Louisiana Code of Civil Procedure article 1915(A)(4) provides:

> A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
> ****

4

(4) Signs a judgment on either the principal *or incidental demand*, when the two have been tried separately, as provided by Article 1038. [Emphasis added.]

Defendants contend that La. C.C.P. art. 1915(A)(4) applies because the trial court granted plaintiff's request to deny defendants' motion to strike on the merits and then, following a subsequent hearing, specified the amount of attorney's fees and costs awarded. In essence, defendants maintain that plaintiff's opposition to the motion to strike and subsequent request for attorney's fees is an "incidental demand."

However, plaintiff points out that incidental demands are defined in La. C.C.P. art. 1031(B) as "reconvention, cross-claims, intervention, and third-party demands." Plaintiff avers that its opposition to the motion to strike and request for attorney's fees does not fall within any of the incidental demands recognized in La. C.C.P. art. 1031. As such, plaintiff maintains that the November 6, 2022 judgment is not appealable as a matter of right under La. C.C.P. art. 1915(A)(4).

In response, defendants aver that La. C.C.P. art. 1915(A)(4) does not reference La. C.C.P. art. 1031; rather, it only references the trial court's ability to try related matters separately as described in La. C.C.P. art. 1038 (which addresses the trial court's right to try "principal and incidental actions" separately). As such, defendants aver that La. C.C.P. art. 1915(A)(4) should not be limited to include only those incidental actions recognized in La. C.C.P. art. 1031.

Moreover, defendants aver that *"the sole issue between [d]efendants and [plaintiff] regarding the award of attorney's fees and costs* was the amount of said fees/costs that was reasonably recoverable by [plaintiff] as the prevailing party against the [m]otion to [s]trike. The November 6[, 2022] [j]udgment fully adjudicated that issue. Thus, the November 6[, 2022] [j]udgment is final and

5

appealable because it *disposes of the issue of fees/costs relating to the [s]pecial [m]otion to [s]trike.*" (Emphasis in original).

In support of its argument, defendants cite **Succession of Fanz**, 2019-0867 (La. App. 4 Cir. 2/12/20), 292 So.3d 940, 942, writ denied, 2020-00417 (La. 9/23/20), 301 So.3d 1155, wherein the Fourth Circuit applied La. C.C.P. art. 1915(A)(4) in the context of a succession proceeding. In the succession action, one of the parties filed a petition for declaratory judgment seeking to annul a donation *inter vivos* made by the decedent of certain immovable property prior to his death. The trial court subsequently granted the declaratory judgment and annulled the donation. The trial court later signed a second judgment that awarded attorney's fees. After co-executors appealed the judgment awarding attorney's fees, the appellee filed a motion to dismiss the appeal, urging that the judgment was a non-appealable interlocutory ruling. The Fourth Circuit disagreed, indicating that "[t]he petition for declaratory judgment is a demand incidental to the main demand regarding the succession." In maintaining the appeal, the Fourth Circuit indicated that "[t]he judgment disposes of all the issues between the parties, regarding the current award of attorney's fees, and specifies the amount of those fees. Thus, we find that the judgment is a final appealable judgment pursuant to La. C.C.P. art. 1915(A)(4) and because it disposes of the issue of attorney's fees regarding the Schonekas Firm." **Succession of Fanz**, 292 So.3d at 943.

In **Succession of Fanz**, the Schonekas Firm had been retained to specifically represent the appellee in her capacity as co-excecutor and file the petition for declaratory judgment challenging the donation *inter vivos*. By contrast, the judgment at issue herein does not resolve the issues between the parties, all counsel representing the parties are still involved in the litigation, and the underlying merits of the principal action are unresolved.

6

Defendants cite several cases from this court, but those cases do not support defendants' argument. In those appeals the motions to strike were granted and attorney's fees were awarded. Given that the motions to strike had been granted, there was nothing left to be adjudicated by the trial court because the underlying suits had been dismissed. See **Samuel v. Remy**, 2015-0464 (La. App. 1 Cir. 8/31/16), 2016 WL 4591885, at *2-3 (unpublished), writ denied, 2016-1785 (La. 11/29/16), 211 So.3d 387; **Davis v. Benton**, 2003-0851 (La. App. 1 Cir. 2/23/04), 874 So.2d 185, 188; see also **Alost v. Lawler**, 2020-0832 (La. App. 1 Cir. 6/2/21), 326 So.3d 1255, 1260, writ denied, 2021-00941 (La. 10/19/21), 326 So.3d 256.[2] By contrast, in the instant appeal, the trial court denied the defendants' motion to strike and later, in a separate judgment, granted plaintiff's request for attorneys' fees. Neither of those judgments resolve the entirety of the underlying dispute, which remains pending in the trial court.

Considering the foregoing, La. C.C.P. art. 1915(A)(4) does not apply under the specific circumstances herein given that: 1) the judgments at issue do not appear to be incidental demands as intended under the Article; 2) the underlying merits claims between the parties remain pending; and 3) all parties and their respective counsel remain in the litigation.

Defendants also aver that the judgment is appealable under La. C.C.P. art. 1915(A)(6), which provides that a judgment that "[i]mposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G)" is final and appealable. Defendants aver that because a prevailing party on

---

[2] We note that **Alost** involved an appeal that this court converted to a supervisory writ application. **Alost** concerned the grant of a special motion to strike, which dismissed the petition with prejudice and ordered payment of $3,000.00 in attorney fees—a judgment which apparently resolved the entire case and was final and appealable of its own accord as a matter of right. Given the procedural nuances of the particular appeal, including issues with an outstanding motion for a limited new trial that had been granted prior to the order of appeal being signed and that had been denied during the pendency of the appeal, this court converted the appeal to a supervisory writ application. **Alost** did not involve the application of or even mention La. C.C.P. art. 1915(A)(4).

7

a special motion to strike must be granted attorney's fees and costs under La. C.C.P. art. 971's language, both the law and jurisprudence calls on the trial courts to exercise their inherent discretionary powers under Article 191 to determine the reasonable amount of such a sanctions award.[3] Defendants maintain that because La. C.C.P. art. 191 is implicated, it brings the November 6, 2022 judgment under La. C.C.P. art. 1915(A)(6)'s purview, making the judgment final and appealable.

Louisiana Code of Civil Procedure article 1915(A)(6) concerns judgments imposing sanctions and disciplinary action. Louisiana Code of Civil Procedure articles 863 and 864, which are enumerated in La. C.C.P. art. 1915(A)(6), specifically mention sanctions and disciplinary action. Our court, as a result of Louisiana Supreme Court directives,[4] has read La. C.C.P. art. 1915(A)(6) very broadly to include contempt judgments awarding sanctions beyond those specific articles listed in La. C.C.P. art. 1915(A)(6). Ultimately, this court has concluded that contempt rulings holding a party in contempt are appealable judgments,

---

[3] Louisiana Code of Civil Procedure article 191 provides:

> A court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law.

[4] Historically, this court did not consider a contempt ruling as to a party to be an appealable judgment, because a judgment of contempt is an interlocutory judgment that does not determine the substantive merits of the case. **Succession of Bell**, 2006-1710 (La. App. 1 Cir. 6/8/07), 964 So.2d 1067, 1072. Subsequently, in **Robinson v. Harlan**, 2011-0703 (La. App. 1 Cir. 11/9/11), 79 So.3d 1034, this court addressed the proper application of La. C.C.P. art. 1915(A)(6), noting that contempt judgments that did not impose sanctions pursuant to any of the enumerated codal provisions—La. C.C.P. arts. 191, 863, or 864, or La. Code Evid. art. 510(G)—was not an appealable partial final judgment under La. C.C.P. art. 1915(A)(6). Because the sanctions therein arose for discovery violations under La. C.C.P. art. 1471, which is not enumerated in La. C.C.P. art. 1915(A)(6), this court dismissed the appeal. **Robinson**, 79 So.3d at 1035-36.

Thereafter, the Louisiana Supreme Court granted a writ of certiorari, reinstated the appeal, and remanded to this court for further proceedings. See **Robinson v. Harlan**, 2012-0363 (La. 4/9/12), 85 So.3d 131 (citing La. C.C.P. art. 1915(A)(6) and **In re Jones**, 2010-66 (La. App. 5 Cir. 11/9/10), 54 So.3d 54). Although the Louisiana Supreme Court did not explain its rationale in **Robinson**, the court later in **Capital City Press, LLC v. Louisiana State University System Bd. of Sup'rs**, 2013-1994 (La. 8/28/13), 120 So.3d 250, denied an application for supervisory writs submitted by a relator aggrieved by a contempt judgment imposing sanctions against him, reasoning that relator "ha[d] an adequate remedy by suspensive appeal." In so ruling, the Louisiana Supreme Court cited the same authority it cited in **Robinson**.

8

regardless of whether they are specifically enumerated contempt judgments under La. C.C.P. art. 1915(A)(6).[5] As such, this court has addressed, on appeal, a sanctions judgment under La. C.C.P. art. 224 ("Constructive contempt") as well as one issued under La. C.C.P. art. 1471 ("Failure to comply with order compelling discovery; sanctions"). These are all sanctions judgments arising from contempt.

While attorney's fees are normally awarded as part of a judgment arising from sanctions or disciplinary action, the judgment at issue in this appeal did not arise from sanctions or disciplinary action. Rather, it is a statutory award of attorney's fees mandated to be awarded under La. C.C.P. art. 971. While defendants aver that this court, in reviewing the propriety of the attorney's fee award, must consider the trial court's authority under Article 191 (which is specifically mentioned in La. C.C.P. art. 1915(A)(6)), the attorney's fees at issue were authorized solely by La. C.C.P. art. 971 and do not arise from a sanction or disciplinary action. To expand La. C.C.P. art. 1915 (A)(6) in the manner suggested by defendants would make any statutory award of attorney's fees appealable even though such award does not arise from sanctions or disciplinary action. As such, given that the judgment does not arise from sanctions or disciplinary action, the judgment is not appealable as a matter of right under La. C.C.P. art. 1915(A)(6).[6]

---

[5] See e.g., **Kott v. Kott**, 2018-1639 (La. App. 1 Cir. 4/12/19), 2019 WL 1589739, *2 (unpublished) (where the appeal panel recognized that a prior writ panel concluded that the "portion of the trial court order finding the plaintiff in contempt of court [under La. C.C.P. art. 224 concerning "constructive contempt"] was a final and appealable judgment once reduced to writing."); see also **Stevens v. St. Tammany Parish Government**, 2016-0534 (La. App. 1 Cir. 1/18/17), 212 So.3d 568, 575 (wherein this court recognized contempt of court for discovery violations under Article 1471 was not included under Article 1915(A)(6), but given the Louisiana Supreme Court decisions in **Robinson** and **Capital City Press**, a judgment sanctioning a party and his attorney for violations of Article 1471 "constitutes a partial final judgment subject to immediate appeal pursuant to La. C.C.P. art. 1915(A)(6)."

[6] It is the legislature's role to amend La. C.C.P. art. 1915(A)(6) to include an appeal from an award of attorney's fees on the denial of a motion to strike under La. C.C.P. art. 971.

Accordingly, we find that the November 6, 2022 judgment is not appealable by operation of law under La. C.C.P. arts. 1915(A)(4) or (A)(6). This court's appellate jurisdiction does not attach to review the November 6, 2022 judgment absent a La. C.C.P. art. 1915(B) certification by the trial court. See **Hughes v. Capital City Press, L.L.C. d/b/a The Advocate**, 2021-0201 (La. App. 1 Cir. 12/7/21), 332 So.3d 1198, 1202, n.3, writ denied, 2022-00023 (La. 2/22/22), 333 So.3d 444 where this court recently considered the denial of an La. C.C.P. art. 971 motion to strike and a corresponding attorney's fee award under its appellate jurisdiction given that the trial court certified the judgment under La. C.C.P. art. 1915(B).

In cases where the trial court denies a motion to strike, the better practice would be for the trial court to award the attorney's fees and costs in accordance with La. C.C.P. art. 971 at the trial on the merits and include the award in the final judgment. To do so would avoid the conundrum of having to appeal a partial judgment in accordance with La. C.C.P. art. 1915(B) that may or may not be granted by this court.

In addition to seeking review of the November 6, 2022 attorney's fee judgment, defendants are seeking review of the prior June 20, 2022 judgment denying their motion to strike. Plaintiff avers that because this court cannot review the propriety of the June 20, 2022 judgment given that review was not sought within the supervisory writ delays, this court should decline to exercise its supervisory jurisdiction to review the November 6, 2022 judgment awarding attorney's fees.

Although this court could convert this matter to an application for supervisory writs, we decline to do so. This court has discretion to convert an appeal of a non-appealable judgment to an application for supervisory writs. See **Stelluto v. Stelluto**, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39. Pursuant to **Herlitz**

10

**Construction Company, Inc. v. Hotel Investors of New Iberia, Inc.,** 396 So.2d 878 (La. 1981) (*per curiam*), appellate courts should consider an application for supervisory writs when the trial court judgment is arguably incorrect, there is no dispute of fact to be resolved, and a reversal would terminate the litigation. The **Herlitz** factors are not met at this time. An appellate court will generally refrain from the exercise of its supervisory jurisdiction when an adequate remedy exists by appeal upon the entry of the requisite final judgment. See **Boyd Louisiana Racing, Inc. v. Bridges,** 2015-0393 (La. App. 1 Cir. 12/23/15), 2015 WL 9435285, *4 (unpublished). This court's exercise of its supervisory review in this case would promote piecemeal review and infringe on the principles of judicial economy. **Burford v. Burford,** 2018-0558 (La. App. 4 Cir. 11/28/18), 259 So.3d 1086, 1089. Therefore, we decline to exercise our discretion to convert this appeal to an application for supervisory writs, and we dismiss this appeal. **Krielow v. Louisiana Dep't of Agric. & Forestry,** 2022-0591 (La. App. 1 Cir. 12/22/22), 360 So.3d 551, 555.

Accordingly, we dismiss this appeal for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, we dismiss defendants', Offshore Marine Service Association and Aaron Smith, appeal of the November 6, 2022 judgment and the matter is remanded to the trial court for further proceedings. All costs of this appeal are assessed to defendants, Offshore Marine Service Association and Aaron Smith.

**MOTION TO DISMISS GRANTED; APPEAL DISMISSED; AND REMANDED.**

11

| TRITON DIVING SERVICES LLC | STATE OF LOUISIANA |
|---|---|
| VERSUS | COURT OF APPEAL |
| OFFSHORE MARINE SERVICE ASSOCIATION, INC. and AARON SMITH | FIRST CIRCUIT<br><br>NO. 2023 CA 0169 |

**WOLFE, J., dissenting.**

I respectfully disagree with the majority's dismissal of this appeal without allowing the trial court the opportunity to certify the judgment as final pursuant to La. Code Civ. P. art. 1915(B).  See La. Code Civ. P. art. 2088(11); **Hughes v. Capital City Press, L.L.C.**, 2021-0201 (La. App. 1st Cir. 12/7/21), 332 So.3d 1198, 1202 n.3, writ denied, 2022-00023 (La. 2/22/22), 333 So.3d 444.  Absent the certification, I would convert the appeal to a writ and consider the matter under this court's supervisory jurisdiction.  I disagree that doing so would promote piecemeal review and infringe on the principles of judicial economy.  See **Hughes**, 332 So.3d at 1202 n.3.